

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 26, 2022

**BY ECF**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*The parties shall appear in-person for a Curcio hearing and a change of plea hearing on May 5, 2022, at 5:00 p.m. The hearings will be held in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.*

*SO ORDERED.*

*Date:* April 27, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

Re: *United States v. Nikia King*, S1 21 Cr. 56 (JPC)

Dear Judge Cronan:

        The Government respectfully submits this letter to inform the Court that the Government and defendant Nikia King ("King") have reached a pretrial disposition in the above-referenced matter. The Government also writes regarding a potential conflict of interest faced by Wanda M. Akin, Esq., counsel for defendant King, which the Government raised with the Court at the most recent conference. Accordingly, the Government respectfully requests that the Court schedule a *Curcio* hearing, at which point the Court can explore the potential conflict of interest prior to then conducting the change-of-plea proceeding. The parties understand that the Court is available on Thursday, May 5, 2022, beginning at 5:30 p.m. to conduct these proceedings, which date and time work for the parties.

## **CURCIO HEARING**

### A. **Background**

        As the Court is aware, trial in this matter is scheduled to commence on June 1, 2022. Should any defendant proceed to trial in this matter, the Government expects to call a cooperating witness ("CW-1") to testify. As the Government explained at the last court conference (*see* Dkt. No. 90 at p. 9-12), the Government recently became aware that Ms. Akin represented CW-1 in connection with an unrelated prosecution in the United States District Court for the District of New Jersey during which CW-1 was arrested in early 2010, and was sentenced in mid-2011.[1] Subsequent to the most recent court conference, the Government also learned that Ms. Akin's representation of CW-1 also included her participation in several proffer sessions in which CW-1 met with prosecutors at the U.S. Attorney's Office for the District of New Jersey ("USAO-DNJ"),

_____

[1] CW-1 was also the subject of a violation of supervised release proceeding in 2016 in the same case but was represented by a different attorney for that proceeding.

but ultimately CW-1 did not enter into a cooperation agreement with the USAO-DNJ.[2]  After the most recent court conference in this case, the Government provided CW-1's identity to Ms. Akin on an attorneys-eyes-only basis.

Because Ms. Akin previously represented CW-1, whose testimony would be adverse to her current client, King, should King proceed to trial, Ms. Akin faces a potential conflict of interest. Moreover, if any defendant proceeds to trial in this matter, the Government expects defense counsel to cross examine CW-1 about CW-1's criminal history, and there may be matters related to that criminal history that Ms. Akin could know about based only on her privileged communications with CW-1. Accordingly, the parties have conferred and believe that there is a potential conflict, but that it is waivable by King, and that a *Curcio* hearing is necessary.  The Government believes that the potential conflict can be waived by King, and can be alleviated (a) by having a different defense lawyer cross examine CW-1, and (b) for Ms. Akin to represent that she has not shared any privileged information from her prior representation of CW-1 with that other defense lawyer or with King.  Ms. Akin consents to this proposal and has informed the Government that King also consents to this proposal.[3]

B. **Applicable Law**

A defendant has a right under the Sixth Amendment to conflict-free legal representation. *See United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994); *United States v. Schwarz*, 283 F.3d 76, 90- 97 (2d Cir. 2002).  While the Sixth Amendment encompasses a defendant's right to be represented by the attorney of his choice, the essential aim of the Sixth Amendment's right to counsel is to ensure an effective advocate for all criminal defendants. *Wheat v. United States*, 486 U.S. 153, 159 (1988).  When a court has been informed of the possibility of a defense counsel's conflict of interest, it has a threshold obligation "to investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *Levy*, 25 F.3d at 153; *see also United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998).  As the Second Circuit has held in connection with *Curcio* hearings:

> The trial court has an obligation to inquire into the facts and circumstances of an attorney's interests either in response to a timely conflict of interest objection or when it knows or reasonably should know of the possibility of a conflict of interest. Failure to engage in such an inquiry, when it is required, results in an automatic reversal.  An inquiry allows the trial judge to determine the precise nature of the

---

[2] The Government does not possess any notes that may have been taken by the USAO-DNJ in connection with those proffers.

[3] The Government informed CW-1's counsel about the conflict of interest posed by Ms. Akin's prior representation of CW-1, and CW-1's counsel has informed the Government that CW-1 would not waive any potential conflict with respect to Ms. Akin's prior representation of CW-1.  Given the procedure outlined in this letter, the Government does not believe that the Court need to inquire as to CW-1's waiver.

>   conflict and how to proceed, *i.e.*, whether to disqualify counsel, obtain a waiver
>   from the defendant pursuant to *Curcio*, or take no action.

*United States v. Stantini*, 85 F.3d 9, 13 (2d Cir. 1996) (citations and internal quotation marks omitted).  *See also United States v. Rahman*, 189 F.3d 88, 143 (2d Cir. 1999) (discussing the "Court's obligation to inquire concerning a counsel's conflict of interest"); *Kliti*, 156 F.3d 150, 153 (discussing court's "threshold obligation to determine whether the attorney has an actual conflict, a potential conflict, or no conflict . . . [and] obligation to inquire into the conflict of interest").  If the court determines that defense counsel has an actual or potential conflict, the court has a "'disqualification/waiver' obligation" to determine whether the conflict is so severe as to obligate the Court to disqualify the attorney or a lesser conflict that can be waived in a *Curcio* hearing.  *Kliti*, 156 F.3d at 153; *Levy*, 25 F.3d at 153.

        An actual conflict is one that is so "severe" that "no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation . . . ."  *Levy*, 25 F.3d at 153 (citing *United States v. Fulton*, 5 F.3d 605, 612-14 (2d Cir. 1993)).  An actual conflict exists "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client."  *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004) (internal quotation marks and citations omitted).  Where a conflict of interest is actual, a court is "obliged" to disqualify the attorney.  *Levy*, 25 F.3d at 153.  A potential conflict of interest, by contrast, is a "lesser" conflict.  *Id.*  A potential conflict exists where a court finds that "a rational defendant could knowingly and intelligently desire the conflicted lawyer's representation . . . ."  *Id.*

        Regardless of the severity of the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  *Wheat*, 486 U.S. at 160.  "The question of [attorney] disqualification therefore implicates not only the Sixth Amendment right to the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial."  *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993).  Accordingly, a court "should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process."  *United States v. DiPietro*, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing *Wheat*, 486 U.S. at 163).

        If a court determines that there exists a conflict that does not require disqualification, it "must conduct a *Curcio* hearing to determine whether the defendant will knowingly and intelligently waive his right to conflict-free representation."  *Kliti*, 156 F.3d at 153; *Levy*, 25 F.3d at 153.  The Second Circuit has set forth the requirements for such a *Curcio* hearing in great detail:

>   At such a hearing, the trial court (1) advises the defendant of his right to
>   representation by an attorney who has no conflict of interest, (2) instructs the
>   defendant as to the dangers arising from particular conflicts, (3) permits the
>   defendant to confer with his chosen counsel, (4) encourages the defendant to seek
>   advice from independent counsel, (5) allows a reasonable time for the defendant to

make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States v. Perez*, 325 F.3d 115, 119 (2d Cir. 2003).

## C.  Discussion

Mr. Akin's representation of King following her prior representation of CW-1 more than ten years ago in an unrelated narcotics prosecution by USAO-DNJ presents a potential conflict of interest, especially given that CW-1 will almost certainly be a key witness if this case proceeds to trial on June 1, 2022 against any defendant.  If CW-1 testifies at a trial or other proceeding in this matter, and King ultimately determines to proceed to trial, Ms. Akin's ability to defend King, including her ability to cross examine CW-1, may be hampered by Ms. Akin's obligations to her former client.

However, Ms. Akin's representation of CW-1 concluded more than ten years ago and involved conduct unrelated to this matter.  Based on conversations with Ms. Akin, CW-1's attorney, and a review of the docket of the prior representation of CW-1, the Government understands that Ms. Akin represented CW-1 from 2010 through 2011, which included participating in several proffer sessions with CW-1 and USAO-DNJ prosecutors, but which did not result in a cooperation agreement.  Ms. Akin further informed the Government that she does not recall this representation, given the passage of time, and would not review the case file in connection with her current representation of King.

The Second Circuit has held that "lesser conflicts, such as an attorney's representation of two or more defendants or his prior representation of a trial witness, are generally waivable." *United States v. Perez*, 325 F.3d 115, 127 (2d Cir. 2003); *see also United States v. Cunningham*, 672 F.2d 1064, 1073 (2d Cir. 1982) (reversing the district court's decision to disqualify trial counsel who had previously represented a witness, holding that the district court could take appropriate steps, including limiting cross examination to matters of public record, to protect the interests of the attorney's former client).  "Although such a conflict might require a defendant to abandon a particular defense or line of questioning, he can be advised as to what he must forgo; he 'can then seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel.'"  *Perez*, 325 F.3d at 127 (*quoting U.S. v. Fulton*, 5 F.3d, 605, 613 (2d Cir. 1993)).

Accordingly, to the extent there is a potential conflict that arises from Mr. Akin's prior representation of CW-1, the Government believes that it falls into the category of conflicts that are "generally waivable" by a defendant at a *Curcio* hearing.  *Cf. United States v. Fan*, 26 F.3d 240, 248-49 (2d Cir. 1994) (attorney's representation of co-defendants who both proceeded to trial was generally waivable after both defendants' knowing and intelligent waiver of any potential conflict of interest).

## <u>Conclusion</u>

For the reasons stated above, the Government respectfully submits that the Court schedule a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982) and Federal Rule of Criminal Procedure 44(c), which the Court can conduct prior to the change-of-plea proceeding for King.

Enclosed please find proposed questions that the Government respectfully submits should be addressed at the hearing.

Respectfully Submitted,

DAMIAN WILLIAMS
United States Attorney

By:   *Michael R Herman*

Michael R. Herman
Assistant United States Attorney
(212) 637-2221

CC: Defense counsel (by ECF)

### Proposed Examination of Defendant

I. <u>Introductory Matters</u>

  1. How old are you?

  2. How far did you go in school?

  3. Do you presently consult a doctor for any condition?

  4. Have you within the last 24 hours taken any alcohol, drugs or pills of any kind?

  5. Are you feeling well enough to proceed with this hearing today?

  6. Are you currently represented by Ms. Akin?

  7. Have you been satisfied with Ms. Akin's representation so far in this case?

II. <u>The Potential Conflict</u>

  8. Has your attorney, Ms. Akin, shared with you that if this matter proceeded to trial, a cooperating witness may testify for the Government?  (I will refer to that person as "CW-1" for this proceeding.  Do you understand?)

  9. Do you understand that Ms. Akin previously represented CW-1 in an unrelated case in the U.S. District Court for the District of New Jersey in approximately 2010 and 2011?

  10. Do you understand that if this matter proceeded to trial or any other proceeding in which witnesses provided testimony, CW-1 would likely be a witness against you at the trial or in any other proceeding in this case?

  11. Do you understand that if CW-1 testifies against you, you have the right to cross examine CW-1 through your counsel?

  12. Do you understand that Ms. Akin has a duty of loyalty to both you and CW-1 and cannot use any information she obtained from CW-1 while representing you in this matter?

  13. Do you understand that Ms. Akin is required by her duty of loyalty to protect the best interests of her former client, CW-1, as well as your best interests?

  14. Do you understand that if you continue to be represented by Ms. Akin, she cannot advise or help you in doing anything that would violate her ongoing obligations to her former client, CW-1, even if it is in your best interest to do so?

15. Do you understand that Ms. Akin cannot cross examine CW-1 using any confidential information that she learned from CW-1?

16. Do you understand that any sense of loyalty that Ms. Akin may still have to CW-1 could cause her to fail to cross examine CW-1 as vigorously as an entirely un-conflicted lawyer might do?

17. Do you understand that I might order that another attorney, not Ms. Akin, cross examine CW-1 during any trial or other proceeding in this case?

18. Do you understand that Ms. Akin cannot help you in providing assistance to the Government that might hurt CW-1, even if it turns out that doing so might be in your best interest?

19. Do you understand that Ms. Akin may refrain from making certain arguments in your trial, should you decide to go to trial, or at some other proceeding, regarding the evidence in this case, even though such arguments may be beneficial to you, because of her ongoing duty of loyalty to her prior client, CW-1?

20. So that the Court may be sure that you fully understand these issues, please describe in your own words your understanding of the potential problems created by Ms. Akin's role as your attorney in this case and her prior representation of CW-1 in another matter.

21. Do you understand that you have a right to consult with a lawyer other than Ms. Akin in order to determine whether you wish Ms. Akin to represent you?

III.    _Curcio_ Counsel

22. Do you understand that if you cannot afford other counsel, the Court will appoint counsel to consult with you regarding these conflict of interest matters? Such an attorney will not be connected with Ms. Akin, or the Government at all. Anything you tell that attorney will be a secret between you and the attorney. The attorney cannot tell Ms. Akin, me or the Government's attorneys about your discussions with him or her. Do you understand that?

23. The Court is prepared to adjourn the remainder of this proceeding so that you may consult another attorney. Would you prefer to adjourn until you can give more thought to this matter?

24. Would you like the opportunity to consult with another attorney?

IV.    Waiver

25. Do you understand that, in every criminal case, including this one, a defendant is entitled to the assistance of counsel whose loyalty to him is undivided, and who is not

subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

26. Have you had an opportunity to speak with Ms. Akin about the conflict-of-interest issues that arise because of Ms. Akin's prior representation of CW-1?

27. It is important that you understand that no one can predict with any certainty the course that this case will take or how the restrictions on Ms. Akin's ability to represent you will affect you. Do you understand that?

28. Do you understand that the restrictions on Ms. Akin's ability to represent you may adversely affect Ms. Akin's representation of you in this case in ways that we have not yet discussed? Let me give you some examples. Do you understand that the restrictions on Ms. Akin may affect the way that Ms. Akin considers:

    i. what defenses you should raise;

    ii. what motions to file on your behalf;

    iii. whether you should testify at trial;

    iv. which witnesses should be cross-examined at trial, and what questions they should be asked;

    v. which witnesses to call, and what other evidence to offer, on your behalf;

    vi. which arguments to make on your behalf to the jury, including the decision of whether to make any arguments to the jury that are antagonistic to CW-1; and

    vii. which arguments to make to the district court in your case, and what facts to bring to the court's attention, at your sentencing, if you are convicted.

29. Do you understand those examples I have given? Do any of these examples concern you? Why not?

30. Are you aware that, if you are convicted, you will not be able to appeal on any of the issues I've discussed with you if you elect to waive the potential problems associated with Ms. Akin's restrictions on her representation of you and elect to continue to retain Ms. Akin as your attorney in this case? Do you understand that an appellate court would take into account your consent to his continued representation of you and hold that you have given up your right to complain of any problems associated with Ms. Akin's restrictions on his representation of you?

31. Having considered the ways in which Ms. Akin's restrictions on her representation of you may affect her representation of you, do you still wish to proceed in this case with Ms. Akin as your attorney?

32. Do you understand that, if you proceed with Ms. Akin as your attorney, you will not be able to claim later on that you were prejudiced in any way because of Ms. Akin's restrictions on her representation of you?

33. Have you received any inducement or promise that may have influenced your decision on this issue?

34. Have you been threatened in any way concerning your decision on this issue?

35. Is there anything that the Court has said that you wish to have explained further?