UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                              :
:
:
                -v-                                                    :     S1 21 Cr. 56 (JPC)
:
KAREEM RODERIQUE                                                       :     ORDER
    a/k/a "Ernest Tucker,"                                             :
ROBERT SHANNON,                                                        :
    a/k/a "Tank," and                                                  :
NIKIA KING,                                                            :
    a/k/a "Sis,"                                                       :
:
:
                Defendants.                                            :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On May 5, 2022, the Court held a *Curcio* hearing for Defendant Nikia King to address a potential conflict of interest involving her attorney, Ms. Wanda M. Akin, Esq. The potential conflict of interest arises from Ms. Akin's prior representation of a cooperating witness ("CW-1"), whom the Government expects to call as a witness to testify at trial in this action. Dkt. 94 at 1. The Court understands that Ms. Akin previously represented CW-1 in connection with an unrelated prosecution in the United States District Court for the District of New Jersey for which CW-1 was arrested in early 2010 and was sentenced in mid-2011. *Id.* Ms. Akin's representation of CW-1 also included her participation in several proffer sessions in which CW-1 met with prosecutors at the U.S. Attorney's Office for the District of New Jersey ("USAO-DNJ"), but CW-1 ultimately did not enter into a cooperation agreement with the USAO-DNJ. *Id.* at 1-2. The Government represents that Ms. Akin faces a potential conflict of interest if Defendant King proceeds to trial "[b]ecause Ms. Akin previously represented CW-1, whose testimony would be adverse to her current client," but that such conflict "can be waived by King, and can be alleviated (a) by having a different

defense lawyer cross examine CW-1, and (b) for Ms. Akin to represent that she has not shared any privileged information from her prior representation of CW-1 with that other defense lawyer or with King." *Id.* at 2.  Defendant King and Ms. Akin consent to this proposal by the Government. *Id.* "CW-1's counsel has informed the Government that CW-1 would not waive any potential conflict with respect to Ms. Akin's prior representation of CW-1," but the Government contends that, based on its proposed course of action as to Defendant King and Ms. Akin, the Court need not inquire as to CW-1's waiver.  *Id.* at 2 n.3.

Courts in this Circuit generally have recognized that "[b]ecause an attorney's duties of loyalty and confidentiality to his clients remain in force after the termination of the attorney's retainer, . . . unless the former client waives these obligations, the attorney's prior representation creates the potential for a serious conflict of interest" that may require that the attorney be disqualified.  *United States v. Yannotti*, 358 F. Supp. 2d 289, 295 (S.D.N.Y. 2004); *see also United States v. Locasio*, 6 F.3d 924, 931 (2d Cir. 1993) (recognizing that disqualification of an attorney may be necessary due to his "prior representation of a witness or co-defendant"); *United States v. Rahman*, 861 F. Supp. 266, 277 (S.D.N.Y. 1994) (disqualifying firm that had previously represented four co-defendants who might possibly testify because, among other things, the law firm would be "barred ethically from making any argument or previewing any proof that could adversely affect any of its former clients").  Moreover, even when there has been a knowing and intelligent waiver by a defendant to conflict-free counsel, the district court has "an independent duty to preserve the integrity of the judicial process and to ensure that 'criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'"  *United States v. Dipietro*, No. S1 02 Cr. 1237 (SWK), 2004 WL 613073, at *5 (S.D.N.Y. Mar. 29, 2004) (quoting *Wheat v. United States*, 486 U.S. 153, 160 (1988)).  Thus, "a

district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." *Id.*

In light of the foregoing, it is hereby ORDERED that the parties shall be prepared to address the following issues at the May 18, 2022 hearing:

- Based on CW-1's lack of waiver, whether Ms. Akin may continue to represent Defendant King in this action, including at trial;

- Whether having a different defense counsel cross-examine CW-1 at trial sufficiently protects the interests of Defendant King and CW-1;

- Whether Ms. Akin still owes a duty of loyalty to CW-1 that would preclude her from making arguments to the jury or to the Court attacking CW-1's credibility or otherwise antagonistic to CW-1; and

- Notwithstanding any knowing and intelligent waiver by Defendant King of her right to conflict-free counsel, whether the Court should exercise its discretion to reject such waiver based on a finding that Ms. Akin's conflict jeopardizes the integrity of judicial proceedings.

SO ORDERED.

Dated: May 17, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge